UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

-------------------------------------------------------

PRINCE JOHNSON, TERRY WINGATE &
TODD MCCORD

           Plaintiff,

-against-

THE CITY OF NEW YORK,
P.O. CHRISTOPHER ORONGES (25737)
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1 'through' 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

           Defendant(s)

-------------------------------------------------------

CASE No.: _____

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 22 2011 ★

BROOKLYN OFFICE

CV11- 3532

COMPLAINT

PLAINTIFF(S) DEMAND
TRIAL BY JURY

AMON, CH.J.

GO, M.J.

Plaintiff, PRINCE JOHNSON, TERRY WINGATE & TODD MCCORD, by their attorney, Paul Hale Esq., complaining of the defendants, The City of New York, P.O. CHRISTOPHER ORONGES (25737), Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff PRINCE JOHNSON resides in New York and is a resident of the State of New York.

7. Plaintiff TERRY WINGATE resides in New York and is a resident of the State of New York.

8. Plaintiff TODD MCCORD resides in New York and is a resident of the State of New York.

9. P.O. CHRISTOPHER ORONGES (25737) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On 6/15/2010 at approximately 11 am all plaintiffs were in a 1994 Ford Explorer driven by PRINCE JOHNSON at a parking lot north of Sutter Ave. between Powell Street and Stone Ave. in Brooklyn, NY.

13. PRINCE JOHNSON had purchased the vehicle approximately 4 weeks prior to this incident.

14. PRINCE JOHNSON was driving; TERRY WINGATE was in the passenger seat; and TODD MCCORD was in the rear passenger seat.

15. At the above time and place the vehicle was pulled over by an unmarked police car, upon

information and belief being driven by detectives from the Brooklyn Gang Squad.

16. Mr. JOHNSON gave an officer his license and registration and all three men were told to exit the vehicle and stand behind the car.

17. One of the Detectives, upon information and belief was P.O. CHRISTOPHER ORONGES, entered the vehicle.

18. At this time none of the plaintiffs were handcuffed.

19. P.O. CHRISTOPHER ORONGES then searched inside the vehicle for approximately 15 minutes.

20. During this time TODD MCCORD asked another officer standing around why they had been stopped and this officer responded, "Because you are three black guys in a car."

21. At some point, P.O. CHRISTOPHER ORONGES started to take apart the vehicle and popped a hatch where the vehicle's spare tire kit was located. This was in the back luggage area on the driver's side of the car and was securely closed.

22. This search was without a warrant, probable cause or reasonable suspicion. This search was unconstitutional.

23. Once P.O. CHRISTOPHER ORONGES popped the secured panel inside the car he claims to have found a plastic bag containing a firearm.

24. All plaintiffs were then placed under arrest.

25. All plaintiffs testified at their Grand Jury as well as P.O. CHRISTOPHER ORONGES.

26. The Grand Jury returned an indictment becasue P.O. CHRISTOPHER ORONGES misrepresented and obfuscated how he allegedly found the firearm, what led him to search the vehicle, and what led him to stop the vehicle in the first place.

27. PRINCE JOHNSON spent approximately 2 weeks incarcerated at Rikers Island because

of P.O. CHRISTOPHER ORONGES testimony before being bailed out.

28. TERRY WINGATE spent approximately 4 weeks incarcerated at Rikers Island because of P.O. CHRISTOPHER ORONGES testimony before being bailed out.

29. TODD MCCORD spent approximately 1 week incarcerated at Rikers Island because of P.O. CHRISTOPHER ORONGES testimony before being released on his own recognizance.

30. No DNA matching any of the plaintiffs was recovered from the gun, the bag it was in or on any of the bullets.

31. Despite the fact that the District Attorney's office knew this search was conducted illegally they prosecuted the case for approximately a full year before all charges were dismissed by motion of the District Attorney's Office in June 2011.

32. The District Attorney's Office knew this search was illegal due to photographs taken of the compartment where the firearm was allegedly found, statements made at the Grand Jury and their own investigations.

33. The stop which led to the search was done without reasonable suspicion, legitimate reason or with probable cause.

34. The search of the vehicle done without reasonable suspicion, legitimate reason or with probable cause.

35. P.O. CHRISTOPHER ORONGES testified at the Grand Jury that he allegedly found the firearm inside a bag inside a compartment of the vehicle with no justifiable reason for such an extensive and invasive search.

36. At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

37. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

38. The unlawful arrest of plaintiffs, plaintiffs' wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

39. As a direct and proximate result of their unlawful detention, assault, confinement, Plaintiffs have lived in terror of their attack, and continue to suffer from nightmares, are fearful of going outside and when they sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in their personal relationships, in and outside of their home.

40. As a direct and proximate result of defendant's actions, plaintiffs were arrested and detained without just or probable cause.

41. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

42. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

43. Defendant City of New York, as a matter of policy and practice, has with deliberate

indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

44. The actions of defendants, acting under color of State law, deprived plaintiffs of thier rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

45. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

46. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

47. Plaintiffs hereby restate all paragraphs above of this complaint, as though fully set forth below.

48. By detaining and imprisoning plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

49. In addition, the Defendants conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

50. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

51. As a direct and proximate cause of the acts of the defendants, plaintiffs suffered the following injuries and damages:

     A. An arrest not based upon probable cause;

     B. Unwarranted and malicious criminal prosecution;

     C. Deprivation of liberty without due process of law;

     D. Excessive force imposed upon him;

     E. Summary punishment imposed upon him; and

     F. Denied equal protection under the law.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

### AS A SECOND CAUSE OF ACTION:
### New York State Constitution, Art. 1 Section 12 against all Defendants

53. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

54. By detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

55. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

56. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

57. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs' deprivation of their state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

### AS A THIRD CAUSE OF ACTION:
### Assault and Battery--all Defendants

59. Plaintiffs hereby restates all paragraphs of this complaint, as though fully set forth below.

60. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault

and battery upon plaintiff.

61. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

### AS A FOURTH CAUSE OF ACTION:
### False Arrest and False Imprisonment—all Defendants

62. Plaintiffs hereby restates all paragraphs of this complaint, as though fully set forth below

63. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiff.

64. The wrongful arrest and imprisonment of the Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

65. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

66. During this period, the Plaintiffs were unlawfully and wrongfully assaulted, harassed, detained, and threatened.

67. Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

68. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

69. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendants, as employer, are responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

70. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

### AS FOR A FIFTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress-all Defendants

72. The Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

73. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

74. Plaintiffs' emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendant Officers.

75. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondeat superior.

76. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

### AS A SIXTH CAUSE OF ACTION:
### Negligent and Retention of Employment Services-against all Defendants.

77. Plaintiffs hereby restate all paragraphs of this Complaint, as though fully set forth below.

78. Upon information and belief, defendants, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

79. Upon information and belief, defendants owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have

anticipated that an injury to plaintiffs or to those in a like situation would probably result from this conduct.

80. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

81. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiffs' injuries.

82. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiffs incurred significant and lasting injuries.

## AS A SEVENTH CAUSE OF ACTION:
### Negligence against all Defendants

83. Plaintiffs repeat and reallege all paragraphs as if each paragraph is repeated verbatim herein.

84. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

85. That by reason of the said negligence, plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as they were forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of her pursuits and interests and verily believes that in the future they will continue to be deprived of such pursuits; and that said injuries are permanent.

86. This action falls within one or more of the exceptions of the New York State Civil

Practice Law and Rules §1602.

**WHEREFORE,** plaintiffs respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

7/21/2011
Brooklyn, New York

                                        Respectfully Submitted

By: Paul Hale, Esq
26 Court St. Ste 1901
Brooklyn, NY 11242
(718) 554-7344